UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MICHAEL PAUL PATTERSON, | Case No. 14-cv-3392 (SRN/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

This matter is before the undersigned United States Magistrate Judge on petitioner Michael Paul Patterson's petition for a writ of habeas corpus, brought under 28 U.S.C. § 2241. *See* ECF No. 1. The petition has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Patterson's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court recommends dismissal of Patterson's petition without prejudice for lack of jurisdiction.

I. BACKGROUND

The United States Attorney's Office filed a four-count superseding indictment against Patterson in the United States District Court for the Eastern District of Arkansas on February 4, 2005. *See United States v. Patterson*, No. 4:04-CR-00286-BRW (E.D. Ark. filed Dec. 8, 2004). Patterson eventually pleaded guilty to all four counts, and he was sentenced to a total of

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Patterson seeks relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

207 months' imprisonment as a result.  That sentence was affirmed by the Eighth Circuit on appeal.  *See United States v. Patterson*, 481 F.3d 1029 (8th Cir. 2007).

On November 29, 2013, Patterson filed a motion in the Eastern District of Arkansas to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  In that motion, Patterson argued, among other things, that the sentencing court had improperly increased his sentence by applying various enhancements under the United States Sentencing Guidelines, and that his sentence was therefore invalid in light of the Supreme Court's holding in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (finding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").  By failing to submit to a jury the question of whether each sentencing enhancement should apply, argued Patterson, the sentencing court violated *Alleyne*, and he requested that his sentence be vacated on that basis.

The sentencing court denied Patterson's motion a few weeks later.  That court noted that *Alleyne* had not been made retroactive to cases on collateral review, and thus found that Patterson could not avail himself of the holding in *Alleyne*.  The sentencing court also declined to issue Patterson a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B).  Patterson filed a notice of appeal, but the Eighth Circuit likewise declined to issue a certificate of appealability, and it summarily dismissed Patterson's appeal.

Patterson — a prisoner at the Federal Correctional Institution in Sandstone, Minnesota — now petitions for a writ of habeas corpus under § 2241, again challenging his conviction and sentence.  Although Patterson is unclear about the basis on which he seeks to invalidate his conviction and sentence — he spends the vast majority of his petition arguing why a habeas

petition is an appropriate procedural vehicle for his claims, and not the substance of those claims

it appears that Patterson seeks to renew his argument that his sentence is invalid in light of *Alleyne*, and he asks that this court vacate that sentence.

## II.  ANALYSIS

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.").  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), because, when it applies, it can "save" a habeas petition from being dismissed under the § 2255(e) exclusive remedy rule.

Patterson acknowledges that he is challenging the validity of the sentence imposed in the Eastern District of Arkansas through his habeas petition.  He also acknowledges that, generally speaking, such a challenge must be raised through a motion brought under § 2255.  Patterson argues, however, that § 2255 has proved inadequate and ineffective in his case, as he was barred from raising his arguments relating to *Alleyne*.  Thus, according to Patterson, the savings clause

applies to this case, and this Court should consider the renewed *Alleyne* claims raised in his habeas petition.

The argument made by Patterson for why he believes § 2255 to have been inadequate or ineffective in his case is confused.  Patterson appears to believe that his motion for collateral review was denied by the sentencing court under 28 U.S.C. § 2255(f)(3), which provides a one-year limitation period in which to raise certain claims running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."  This provision is unconstitutional, argues Patterson, because it delegates to the Supreme Court the authority to determine when the statute of limitations begins to run for some claims, but not others, by deeming certain rights to be retroactive.  And without § 2255(f)(3), says Patterson, the sentencing court would have been free to consider his arguments as to why his conviction and sentence should be vacated.  Patterson concludes that § 2255(f)(3) renders § 2255 inadequate or ineffective for purposes of his attempt to bringing claims under *Alleyne*, and he therefore urges this Court to consider his habeas petition.

Patterson is wrong in at least two respects.  First, § 2255(f)(3) only concerns the timeliness of a motion brought under § 2255.  Patterson's § 2255 motion was not denied because it was *untimely*.  The motion was denied because the claims that Patterson raised in that motion *did not entitle him to relief*.  The Supreme Court has not made *Alleyne* retroactive, *see, e.g.*, *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) and thus any argument made on collateral review that a conviction or sentence should be vacated due to the effect of *Alleyne* must

fail at the outset.  The sentencing court did not cite or otherwise reference § 2255(f)(3); that provision had no effect whatsoever, positive or negative, on Patterson's claims for relief.

Second, and more importantly, § 2255 cannot be said to be inadequate or ineffective in this case, as Patterson had "an unobstructed procedural opportunity to present his claim[s]" in his § 2255 motion.  *Abdullah*, 392 F.3d at 963.  Indeed, not only did Patterson have an *opportunity* to raise those claims; he *in fact raised* the claims for relief he wishes to renew here.  Those claims did not entitle Patterson to relief, but "the fact that a claim was previously raised in a § 2255 motion and rejected by the sentencing court does not provide the necessary showing that § 2255 was inadequate or ineffective."  *Lopez-Lopez v. Sanders*, 256 Fed. App'x 15, 16 (8th Cir. 2007) (per curiam).  The exclusive-remedy rule would count for little if all a petitioner needed to show in order to overcome that rule was that the sentencing court had rejected his arguments under § 2255 on the merits, as nearly every federal prisoner would then be entitled to then re-raise arguments rejected by the sentencing court through a habeas petition.

In short, Patterson had an opportunity under § 2255 to contend that his sentence is invalid in light of *Alleyne*.  Patterson's claims were weighed by the sentencing court and found wanting, but § 2255 was not an inadequate or ineffective mechanism for Patterson to raise those claims.  Section 2255 was therefore the *exclusive* mechanism for Patterson to raise his claims for collateral relief, and this Court lacks jurisdiction to reconsider those claims in a petition for a writ of habeas corpus.  *See* 28 U.S.C. § 2255(e); *DeSimone*, 805 F.2d at 323.  Accordingly, this case must be dismissed without prejudice.[2]

---

[2] In some cases, a habeas petition that is barred by the exclusive-remedy rule can be construed to be a motion brought under § 2255, and the matter can then be transferred to the
(continued...)

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Michael Paul Patterson [ECF No. 1] be DENIED.

2. This case be DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

Dated: September 16, 2014              s/Leo I. Brisbois
                                       Leo I. Brisbois
                                       U.S. MAGISTRATE JUDGE


NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 30, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.

---

[2](...continued)
original trial court so that the prisoner's claims can be addressed on the merits there. Patterson, however, is currently precluded from seeking relief under § 2255 in the trial court, because he has already done so once before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which could not be entertained by the trial court without preauthorization from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3) and 2255(h). It would therefore be inappropriate to construe the present petition to be a § 2255 motion and then transfer it to the trial court, as that court could not consider the motion in any event.